HARRIET F. HOOVER, ADMINISTRATRIX, V. ALBERT M. ENGLES, TREASURER OF NEMAHA COUNTY.

FILED JANUARY 22, 1902.     No. 10,906.

Commissioner's opinion, Department No. 1.

1. **Code of Civil Procedure: JUDGMENT FOR DELINQUENT TAXES.** Section 11 of the Code of Civil Procedure, has no application to actions brought by the county treasurer for the recovery of a judgment for delinquent personal taxes.

2. **County Treasurer: DELINQUENT TAXES: CIVIL ACTION.** A civil action is maintainable by the county treasurer, upon order of

the board of county commissioners, for the recovery of delin-
quent personal taxes, under the provisions of an act approved
March 1, 1883 (Session Laws, 1883, p. 280).

ERROR from the district court for Nemaha county.   Tried
below before STULL, J.   *Affirmed.*

*Broady & Pettis,* for plaintiff in error.

*Edgar Ferneau* and *E. B. Quackenbush, contra.*

Argued orally by *Broady,* for plaintiff in error; by *Fer-
neau, contra.*

KIRKPATRICK, C.

This is an action brought by A. M. Engles, county treas-
urer of Nemaha county, by an order of the board of county
commissioners of said county, against William H. Hoover
on the 9th day of July, 1897, to recover the sum of $121.98
in personal taxes for the year 1884, assessed by the county
authorities of Nemaha county against Hoover.   An answer
was filed admitting that plaintiff was the county treasurer,
and denying the other allegations of the petition; and in
addition, pleading that Hoover had resided in Nemaha
county for forty-two years prior to 1891; that he had been
one of the county officers for many years; was well known
all over the county, and that during each and every year
from and after the assessment of the taxes sought to be re-
covered he had a large amount of personal property in the
county, which could have been seized for the payment of
such taxes; and that the right of the county to maintain
the action was barred by the statute of limitations.   To
this answer a reply was filed, consisting of a general denial.
During the pendency of the case, and before it was reached
for trial, the defendant, William H. Hoover, departed this
life, and by agreement the case was revived against his
widow, Harriet F. Hoover, administratrix of his estate.   A
jury was waived, and trial had to the court, resulting in
48

favor of the county treasurer. The administratrix brings error.

It is contended that the judgment of the trial court is wrong—First, because, taxes not being debts in the ordinary acceptation of the term, an action at law for their recovery can not be maintained in the absence of an express statute to that effect; that the act under which this action is sought to be prosecuted was passed in 1887, and, as it had no retroactive effect, it could not be invoked for the collection of taxes assessed in 1884. Second, that the statute of limitations had run against any right of action which the county or county treasurer may have had.

An examination of the statutes discloses that the first point made by plaintiff in error can not be sustained. By an act of the legislature approved March 1, 1879, taking effect September 1 of that year (Session Laws, 1879, p. 311, sec. 89), it was provided that, in case no personal property of the delinquent could be found, it should be the duty of the county treasurer, when directed so to do by the order of the board of county commissioners, to commence a civil action in the district court of said county in the same manner in which other civil actions are commenced, and prosecute the same to judgment and collection by execution, etc. While this law has been several times amended, it has always authorized the prosecution of a civil action by the county treasurer on order of the county board. And by section 89, article 1, chapter 77, Compiled Statutes, 1901, an action such as in the case at bar is expressly authorized. It follows that the first objection of plaintiff in error can not be sustained.

In support of the second contention, that the statute had run against the county treasurer's right of action, we are cited to *City and County of San Francisco v. Jones*, 20 Fed. Rep., 188, and *State v. Yellow Jacket Silver Mining Co.*, 14 Nev., 222. The first case cited arose under the laws of California, which provide that the statute of limitations shall apply with the same force and effect to all actions brought by the state or for the benefit of the state, in the

same manner and to the same extent as if brought by individuals. The Nevada case was decided upon a similar statute. Neither is therefore in point.

By section 139, article 1, chapter 77, Compiled Statutes, 1901, taxes assessed against personal property are declared to be a lien from and after the tax books are received by the collector. *Chamberlain Banking House v. Woolsey*, 60 Nebr., 516. There is no limitation upon this lien. *Price v. Lancaster County*, 18 Nebr., 199. And it is therefore very apparent that at the time this action was brought, if the defendant Hoover had had personal property in Nemaha county, the county treasurer might have issued a distress warrant and collected the taxes. It can not, upon sound reason, be contended that the lien of the county was in full force and effect, without limitation as to time, and at the same time the right of the treasurer to maintain the action for the collection of the taxes, in case personal property could not be found, was barred by the statute. In the case of *Blazier v. Johnson*, 11 Nebr., 404, speaking of the statute of limitations, it is said: "As against the state the rule expressed in the English common law by the maxim, *'nullum tempus occurrit regi,'* obtains, and the statute does not run." This principle has been many times recognized and enforced by this court. The rule is elementary that statutes of limitations have no application to actions brought by the state, or in the name of some officer of the state for its benefit, in the absence of a provision of the statute making them applicable. *Greenwood v. Townsend*, 26 N. E. Rep. [Ill.], 1089. It seems very clear that section 11 of the Code of Civil Procedure has no application to actions brought by the county treasurer under the provisions of section 89, article 1, chapter 77, Compiled Statutes, 1901, for the recovery of a judgment for personal taxes.

There appears to be no error in the judgment of the trial court, and it is therefore recommended that the same be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.